JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE M. ROMAN, et al., | Case No. 15-4344 FMO (JEMx) |
| Plaintiffs, | **ORDER REMANDING ACTION** |
| v. | |
| BANK OF AMERICA, N.A., et al. | |
| Defendants. | |

Having reviewed and considered the record and all the briefing filed with respect to plaintiffs' Motion to Remand ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION

On May 5, 2015, Guadalupe M. Roman and Rosalinda A. Sanchez ("plaintiffs") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against defendants Bank of America, N.A., the Bank of New York Mellon, and Does 1 through 10 (collectively, "defendants"). (See Notice of Removal ("NOR") at ¶ 1 & Exhibit ("Exh.") A ("Complaint")). The Complaint arises from defendants' purported "improper process and handling of Plaintiffs' loan modification application." (Complaint at ¶ 24).

Plaintiffs' Complaint asserts only state-law causes of action, (see Complaint at ¶¶ 47-113), including claims under California's Homeowner Bill of Rights ("HBOR") and California Business

and Professions Code §§ 17200, et seq. In addition to damages, plaintiffs seek an injunction pursuant to California Civil Code § 2924.19. (See id. at ¶¶ 110-113).

On June 9, 2015, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See NOR at ¶¶ 4-7). Plaintiffs filed the instant Motion on June 22, 2015. Defendants filed an Opposition to Plaintiffs' Motion for Remand ("Opp.") on July 9, 2015, and plaintiffs filed a Reply in Support of Motion to Remand on July 16, 2015.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

I. SUBJECT MATTER JURISDICTION.

Having reviewed the Complaint, the NOR and the briefing filed in connection with the Motion, the court is persuaded plaintiffs could not have originally brought this action in federal court, and therefore removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets the $75,000 jurisdictional threshold.[1] See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116-17 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). As an initial matter, the amount of damages plaintiffs seek cannot be determined from the Complaint as it does not set forth a specific amount. (See, generally, Complaint). Defendants, however, contend that when "a plaintiff seeks injunctive relief, the amount in controversy is measured by the value of the object of the litigation[,]" (NOR at ¶ 18; Opp. at 4, citing Zepeda v. U.S. Bank, N.A., 2011 WL 4351801, *4 (C.D. Cal. 2011)), and that if "the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." (NOR at ¶ 19; Opp. at 4, quoting Reyes v. Wells Fargo Bank, N.A., 2010 WL 2629785, *4-5 (N.D. Cal. 2010)) (internal quotation marks omitted)). According to defendants, since plaintiffs are seeking injunctive relief, the amount in controversy is determined by the underlying loan or the market value of the property, which in this case would place the amount in controversy beyond the $75,000 jurisdictional threshold. (See NOR at ¶¶ 20-22).

Contrary to defendants' assertions, the fact that the Complaint mentions possible foreclosure of the subject property and seeks some form of injunctive relief "is not dispositive of whether the loan amount establishes the amount in controversy[.]" See Vonderscher v. Green

---

[1] Diversity of citizenship is not challenged by plaintiffs. (See, generally, Motion).

Tree Servicing, LLC, 2013 WL 1858431, *3 (E.D. Cal. 2013) ("[T]he fact that Plaintiffs' complaint includes mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction."); Horace v. LaSalle Bank Nat'l Ass'n, 2009 WL 426467, *1-2 (M.D. Ala. 2009) (remanding case where plaintiff had obtained a temporary restraining order enjoining foreclosure but finding that the "true gravamen" of complaint was for unspecified damages). Indeed, "[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification." Vergara v. Wells Fargo Bank, N.A., 2015 WL 1240421, *2 (C.D. Cal. 2015) (emphasis omitted) (collecting cases); see also Jauregui v. Nationstar Mortg. LLC, 2015 WL 2154148, *4 (C.D. Cal. 2015) (same).

      Here, plaintiffs are not seeking a permanent injunction. Rather, they are seeking an injunction pursuant to California Civil Code § 2924.19, (see Complaint at ¶¶ 110-112), which "does not authorize permanent injunctive relief, but permits it only until the defendant shows that the material violation has been corrected and remedied." Vergara, 2015 WL 1240421, at *2 n. 1 (internal quotation marks omitted). Further, it is clear from the Complaint that – in addition to temporary injunctive relief – plaintiffs are seeking civil penalties and damages for the alleged violations of state law.[2] (See, e.g., Complaint at ¶¶ 52, 59, 63, 74, 84, 94, 104, 109 & 113); see also Horace, 2009 WL 426467, at *1-2 (remanding case where plaintiff had obtained a temporary restraining order enjoining foreclosure but finding that the "true gravamen" of complaint was for unspecified damages).

      Defendants also contend that "under the 'pecuniary result' test for determining the amount in controversy, the amount at issue here exceeds &75,000.00 as well[, because] Plaintiffs seek a permanent injunction[.]" (Opp. at 6). However, as noted above, plaintiffs are not seeking a

---

   [2] Defendants point to paragraph four of the Prayer for Relief in support of their contention that plaintiffs seek a permanent injunction. (See, e.g., Opp. at 5 & 8). However, that paragraph does not specifically seek a permanent injunction.

4

permanent injunction, but rather a temporary injunction pursuant to California Civil Code § 2924.19.

Moreover, plaintiffs' allegations are directed towards violations of law during the loan modification process. In such a context, the "damages would likely amount to the difference between [the] existing loan and any modified loan to which [plaintiff] may have been entitled." Morales v. Select Portfolio Servicing, Inc., 2014 WL 6851435 (C.D. Cal. 2014); Johnson v. Wells Fargo Home Mortg., 2012 WL 1229880, *4 (C.D. Cal. 2012) ("[I]f a plaintiff asserts that he is entitled to a wrongfully denied loan modification, the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan."). Defendants do not put forward any evidence regarding this amount. (See, generally, NOR & Opp.).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded that defendants have met their burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez, 372 F.3d at 1116-17. Therefore, there is no basis for diversity jurisdiction.

II. COSTS AND FEES.

Plaintiffs' request attorney's fees in connection with their Motion. (Motion at 9). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711) (2005). Here, the court finds that defendants did not lack an objectively reasonable basis for removal.

1 | **This Order is not intended for publication. Nor is it intended to be included in or**
2 | **submitted to any online service such as Westlaw or Lexis.**
3 | **CONCLUSION**
4 | Based on the foregoing, IT IS ORDERED THAT:
5 | 1. Plaintiffs' Motion to Remand **(Document No. 15)** is **granted in part** and **denied in part**.
6 | The Motion is granted to the extent it seeks remand of the action to state court. The Motion is
7 | denied to the extent plaintiffs seek fees and costs.
8 | 2. The above-captioned action shall be **remanded** to the Los Angeles County Superior
9 | Court, 275 Magnolia Avenue, Long Beach, California 90802.
10 | 3. The Clerk shall send a certified copy of this Order to the state court.
11 | Dated this 27th day of July, 2015.

/s/
Fernando M. Olguin
United States District Judge